**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

LYNELL WILLIS, JR.                                                         PLAINTIFF

CIVIL ACTION NO. 3:20-CV-00397-JRW

CHARLES SIMPSON III *et al.*                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* action initiated by Plaintiff Lynell Willis, Jr.  Upon review of Plaintiff's

application to proceed without prepayment of fees, the Court finds that Plaintiff makes the

financial showing required by 28 U.S.C. § 1915(a).  Accordingly, **IT IS ORDERED** that the

application (DN 4) is **GRANTED**.

## I.

Plaintiff names as Defendants in this action, the Honorable "Charles Simpson III,"[1] and

the Honorable "Gloria Horn Boom,"[2] judges for the United States District Court for the Western

District of Kentucky.

On the complaint form, Plaintiff states that the basis for federal jurisdiction is that the

case presents the following federal question: "Tax brackets not regular, Signatur Fraud,

provisions of laws being denied in Ky. and state taken from." [3]

---

[1] Although Plaintiff identifies Judge Simpson as "Charles Simpson III," the Court takes judicial notice that his name is Charles R. Simpson III.

[2] Similarly, although Plaintiff identifies Judge Boom as "Gloria Horn Boom," the Court takes judicial notice that her name is Claria Horn Boom.

[3] On June 3, 2020, the same date Plaintiff initiated this action, Plaintiff also filed six other actions in this Court alleging instances of fraudulent use of his signature by various individuals.  *See Willis v. S. Ass'n of the Schs. and Colls.*, 3:20-cv-392-RGJ; *Willis v. Venters*, 3:20-cv-394-DJH; *Willis v. Dripps et al.*, 3:20-cv-395-RGJ; *Willis v. McMurray*, 3:20-cv-396-DJH; *Willis v. Crady*, 3:20-cv-398-RGJ; *Willis v. State Farm*, 3:20-cv-403-RGJ.  Plaintiff filed another action concerning the fraudulent use of his signature on June 5, 2020.  *See Willis v. Inslee*, 3:20-cv-413-CHB.

In the Statement of the Claim section of the complaint form, Plaintiff writes as follows:

In 1988 two women workers of the Radcliff, Ky courthouse walked into my
Louisiana home and removed about 10 cursive writings on a sheet of paper my
guardian & I had done.  In 2008, I received papers from Charles Simpson on a case
I needed to be heard in the court.  Receiving his letter I noticed the signature was
exactly like as my guardian done.  I noticed this in 2019 and 2020 with Judge Gloria
Boom supposedly's signature.  Receiving two or more dissmal of cases from the
two judges I noticed they have two signatures the ones written by Ms. Willis and
then their own self-belonged.[4]

In the Relief section of the complaint form, Plaintiff states:

I ask the courts to investagate any business, bank accounts, establishments under
the two judges I feel as is the writings on establishments using Ms. Willis' signature
would not allow me to see clear.  I also ask they be polygraphed to see if the were
using the stolen signatures, as well as to see how they came in contact with the
writings.  I ask for 400 million dollars for [illegible].

## II.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the

Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).  *See McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199 (2007).  The Court must dismiss a case at any time if it determines that an action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  § 1915(e)(2)(B).  A claim is legally

frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at

327.  The Court finds that Plaintiff's allegations of fraud by two federal judges who presided

---

[4] The Court's records show that both Senior Judge Simpson and Judge Boom have presided over cases previously
filed by Plaintiff. *See Willis v. Shumate*, 3:08-cr-359-CRS (dismissed for lack of subject-matter jurisdiction on
November 14, 2008); *Willis v. Communicare*, 3:19-cv-139-CHB (dismissed for failure to prosecute on July 18,
2019).

over previous actions he filed in this Court, seemingly based upon a resemblance between their

signatures and his guardian's signature, meet the standard for frivolousness.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack

of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous,

devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.

1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The allegations in Plaintiff's

complaint meet this standard as well.  The instant action, therefore, must also be dismissed for

lack of subject-matter jurisdiction.

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:   7/22/2020

Justin R Walker, District Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendants
B117.011

3